UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DeCoro USA, Ltd., | ) | Case No. 09-10846 |
| | ) | |
| Debtor. | ) | |
| ————————————————— | ) | |
| | ) | |
| DeCoro USA, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09-2055 |
| | ) | |
| Levin Furniture Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This adversary proceeding came before the court on July 13, 2010, for hearing upon a Motion to Set Aside Default Judgment filed on behalf of Levin Furniture Company, the defendant in this adversary proceeding. David F. Meschan appeared on behalf of Levin Furniture Company ("Levin"). Christine L. Myatt and Douglas G. Leney appeared on behalf of DeCoro USA, Ltd. ("Debtor"), the plaintiff in this adversary proceeding.

### JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2)(E) and (O) which this court may hear and determine.

FACTS

On May 12, 2009, the Debtor filed a voluntary petition under Chapter 11. This adversary proceeding was filed by the Debtor on June 10, 2009. In this proceeding, the Debtor seeks an award of $81,725.00 in damages, arising out of a series of commercial sales in which Levin was the purchaser. Debtor pleads breach of contract, unjust enrichment, and an action on the account, as well as bankruptcy turnover causes of action under 11 U.S.C. § 542. In short, Debtor alleges it was not paid for goods it sold to Levin.

Process in this adversary proceeding was mailed to Levin on June 16, 2009, to the attention of Officer, Authorized Representative, or Managing Agent. Debtor filed an amended complaint on August 4, 2009, bearing a revised demand for $81,725.00 in place of the original complaint's demand for $164,550.00 and omitting certain invoices attached to the original complaint that did not pertain to Levin. Process reflecting the amended complaint was mailed to Levin on August 5, 2009, again to the attention of Officer, Authorized Representative, or Managing Agent. Response from Levin was originally due on July 11, 2009, pursuant to summons issued in this proceeding. F.R. Civ. P. Rule 15(a)(3) (2009), made applicable to this proceeding by Bankruptcy Rule 7015, provides that a "response to an amended pleading must be made within the time remaining to respond to the original pleading

or within 10 days after service of the amended pleading, whichever is later." As the amended complaint was served after the original date on which a response was due, the 10 day provision is operative, and Levin's response was due August 17, 2009.

On September 21, 2009, the Debtor filed a motion for entry of default based on Levin having filed no answer or other response. On September 28, 2009, entry of default was signed by the Clerk, and the Debtor then moved on September 30, 2009 for default judgment. Thereafter, judgment by default in the amount of $81,725.00 was entered on October 7, 2009. Debtor then proceeded to execute the judgment, first recording the judgment with the Clerk of the United States District Court, Western District of Pennsylvania on January 26, 2010, and then on March 9, 2010 filing two Praecipes for Writs of Execution against Levin seeking to garnish from one or more banks. On May 12, 2010, the court in Pennsylvania entered judgment in favor of the Debtor and against PNC Bank, N.A. as garnishee, and then shortly thereafter the bank paid over $81,725.00 to satisfy the judgment.

On June 9, 2010, Levin filed a motion with this court to set aside the default judgment, together with a supporting memorandum and affidavits of Basil Hawanchak, Levin's Chief Financial Officer, and Christopher Pelcher, Levin's Vice President of Merchandising. In its motion and memorandum, Levin contends the default judgment should be set aside pursuant to Rule 60(b) of the Federal Rules of

- 3 -

Civil Procedure because the judgment was entered as a result of excusable neglect on the part of Levin.

Levin's memorandum and supporting affidavits detail how Levin's officers reacted to this adversary proceeding. In the fall of 2009,[1] the complaint came to the attention of Basal Hawanchak, Levin's Chief Financial Officer. Hawanchak was skeptical that the Debtor had a bona fide basis for seeking the money demanded in the complaint. Nevertheless, he met with Christopher Pelcher, Levin's Vice-President of Merchandising, and set into process an internal investigation into Debtor's allegations. From this investigation, Hawanchak and Pelcher concluded Debtor sought to recover for one sale that had previously been paid, and for another four sales where goods were never delivered. Having come to the opinion the suit was frivolous, and instead of taking action to respond to the proceeding, Hawanchak decided that Debtor would realize on its own that the suit was frivolous, or that the judicial system would "weed out" the claim. Accordingly, Hawanchak filed the complaint away without further action. Levin admits that this conduct in failing to respond was neglectful, but argues the neglect should be

---

[1]Fall of 2009 is the most specific date that Levin has provided. Taken literally, fall 2009 began on September 22, 2009, the day after Debtor had moved for entry of default. Fall 2009 was still ongoing on October 27, 2009 when default judgment itself was served on Levin. Accordingly, it is unclear whether Levin's internal activities occurred before further documents had been served giving additional warning that the Debtor intended to pursue this action to default judgment.

excused.  Debtor instead argues that Levin made a poor litigation decision, which is not an excusable type of neglect.

### ANALYSIS

Rule 7055 of the Federal Rules of Bankruptcy Procedure incorporates Rule 55 of the Federal Rules of Civil Procedure dealing with default and default judgments.  Under subparagraph (c) of Rule 55, "[t]he court may set aside an entry of default for good cause"; if a judgment by default has been entered the court "may set aside [the] default judgment under Rule 60(b)."  In the present proceeding, both an entry of default and a default judgment have been entered.  Accordingly, Rule 60(b) is controlling with respect to Levin's motion.

In order to obtain relief from a judgment under Rule 60(b), a movant must first show that the motion is timely, that the movant has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.[2]  Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th

---

[2]A fourth threshold requirement of "exceptional circumstances" is sometimes articulated.  Nat'l Credit Union Admin. Board v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (recognizing the "sometimes noted" nature of this requirement).  Compare Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010) (listing "exceptional circumstances") and Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (listing "exceptional circumstances") with Heyman v. M.L. Marketing Co., 116 F.3d 91, 94 n.3 (4th Cir. 1997) (not listing "exceptional circumstances").  The requirement for "exceptional circumstances" can be best viewed as cumulative of the other threshold requirements.  In Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979), the Fourth Circuit explained that relief under Rule

Cir. 1987); <u>see also</u> <u>Heyman v. M.L. Marketing Co.</u>, 116 F.3d 91, 94 n.3 (4th Cir. 1997).   Furthermore, the movant must satisfy one or more of the six enumerated grounds for relief from a judgment set forth in Rule 60(b).   <u>Park</u>, 812 F.2d at 896.

In arguing for relief, Levin relies on the language of Rule 60(b)(1) which provides that the court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect."   Therefore, in order to prevail, Levin has the burden of showing (1) that its motion was timely; (2) that it has a meritorious defense to the claims asserted by the Debtor; (3) that the Debtor would not be unfairly prejudiced by having the judgment set aside; and (4) Levin's neglect is excusable.

Whether Levin's motion is timely presents a close question. The default judgment was entered on October 7, 2009, and was served on the defendant on October 27, 2009.   The motion to set aside the judgment was filed on June 9, 2010, just over eight months after default judgment and more than seven months after service of the judgment.   While Rule 60(c)(1) places an outer bound of one year on what may be a reasonable time after entry of judgment to bring a motion under Rule 60(b)(1), a motion made within one year may still be untimely on the facts of a case.   <u>See, e.g.</u>, <u>Cent. Operating Co.</u>

_____

60(b) "is extraordinary and is to be invoked upon a showing of exceptional circumstances."   The court then states the requirements of a meritorious defense and lack of unfair prejudice as particular requirements that show grounds for the "extraordinary remedy" of relief from judgment.   <u>Id.</u>

- 6 -

v. Util. Workers of Am., AFL-CIO, 491 F.2d 245, 252-53 (4th Cir. 1974) (defendants denied relief under Rule 60(b)(1) after failing to provide a "satisfactory explanation" of a four month delay after receiving notice of default judgments). Here, Levin was stirred to action by the garnishment of funds from its Pennsylvania bank account. Levin offers explanation of why it chose to ignore the complaint, as well as why it reacted to the garnishment. However, Levin does not explain why it ignored the default judgment itself, which Levin had notice of more than six months prior to garnishment. As this judgment should have disabused Levin of its mistaken belief that the judicial process would "weed out" the complaint, Levin appears to have simply waited in hopes the judgment would go away. By not bringing its motion for relief due to mistake or neglect soon after the mistake or neglect should have become apparent to Levin, Levin failed to demonstrate the necessary timeliness.

Levin has undertaken the task of demonstrating a meritorious defense with great vigor, and easily does so. At this juncture, Levin is not required to show that it will prevail on the merits if the judgment is set aside. All that is required is that Levin make a proffer of evidence which would permit a finding in its favor. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); Cent. Operating Co., 491 F.2d at 252 n.8. Levin has submitted two affidavits from its officers

concerning the circumstances of the purchases which are the subject of the Debtor's complaint.  In short, Levin asserts that of the five purchases Debtor alleges are unpaid, one has in fact been paid by Levin, and the other four are not due and owing as the goods were never received.  If the statements of Levin's officers are taken as true, they would support a finding in Levin's favor. While maintaining that money is in fact owed, Debtor concedes that Levin has made a showing of a meritorious defense.

Levin has also met the threshold requirement of lack of unfair prejudice to the Debtor should the judgment be set aside.  The prejudice contemplated here is the harm to the Debtor from litigating on the merits now, as opposed to more than eight months ago when Levin's response was due.  In its brief, Debtor complained of prejudice in the form of its efforts and expenses in executing on its judgment that would be wasted if the judgment were set aside.  Furthermore, at the hearing, Debtor argued it would be prejudiced by failing memories of witnesses and loss of cooperation of former employees of the liquidated debtor.  The burden is on the respondent to show such prejudice.  See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987); see also U.S. to Use of Combustion Sys. Sales, Inc. v. E. Metal Prods. & Fabricators, Inc., 112 F.R.D. 685, 691 (M.D.N.C. 1986) (burden on plaintiff to show prejudice following defendant's Rule 55(c) motion to set aside default).  While Debtor has adequately shown prejudice

in the form of the costs it incurred post-default, it has not made a sufficient showing for the court to conclude that it would be prejudiced by reduced availability of evidence. Its claims regarding employees and witnesses lack details of identity and content, and were raised too late for Levin to have a meaningful opportunity to investigate or respond. The quantifiable prejudice arising from wasted collection efforts is not fatal to a motion for relief from judgment, as such costs and fees may be awarded against the defendant as part of the "just terms" of an order granting relief. Given the availability of an award of fees and costs, the Debtor would not be unfairly prejudiced by having the judgment set aside on just terms.

While Levin has not made a sufficient threshold showing of timeliness, which alone would warrant denying relief from the default judgment, Levin also faces serious difficulty establishing "mistake, inadvertence, surprise, or excusable neglect" of the sort required for relief under Rule 60(b)(1). In general, the requirements under Rule 60(b) "are to be liberally construed in order to provide relief" and "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default." Compton v. Alton S.S. Co., 608 F.2d 96, 102-03 (4th Cir. 1979) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)). However, a dichotomy exists between "(1) [cases] that involve a blameless party and a blameworthy attorney, and (2) [cases] that

- 9 -

involve a blameworthy party." <u>Heyman</u>, 116 F.3d at 94; <u>see also</u> <u>Augusta</u>, 843 F.2d at 811.  When the party's attorney is at fault and the party blameless, "a default judgment should ordinarily be set aside." <u>Augusta</u>, 843 F.2d at 811.  On the other hand, "[w]hen the party is at fault, the [interest of finality and efficiency] dominate and the party must adequately defend its conduct in order to show excusable neglect." <u>Id.</u>  In such case "the stricter analysis of [<u>Park</u>] then applies." <u>Heyman</u>, 116 F.3d at 94.  Here, Levin is at fault, not its attorneys.  Accordingly, a stricter application of Rule 60(b) is required in determining whether Levin has shown "excusable neglect."

Interpreting the meaning of "excusable neglect" in the context of Bankruptcy Rule 9006(b), the Supreme Court discussed both what amounts to neglect, and when that neglect is excusable.  <u>Pioneer Inv. Servs. v. Brunswick Assocs.</u>, 507 U.S. 380 (1993).  The Court first examined neglect, concluding Congress contemplated the term to include conduct "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control". <u>Id.</u> at 388.  Whether that neglect is excusable is an equitable matter, "taking account of all relevant circumstances surrounding the party's omission," such as "[1] the danger of prejudice to the [party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of

the movant, and [4] whether movant acted in good faith." Id. at
395. While Pioneer considered Bankruptcy Rule 9006, its analysis
is equally applicable as a standard for determining whether Levin's
conduct amounted to excusable neglect. See Thompson v. E.I. DuPont
de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996) (Pioneer's
holding based on "commonly accepted meaning of the phrase" and not
limited to Rule 9006); see also Skinner v. First Union Nat'l Bank,
No. 98-1627, 1999 WL 261944, at *2 (4th Cir. May 3, 1999)
(unpublished) ("[T]he district court reasonably applied the Pioneer
factors in considering Skinner's Rule 60(b) motion.").[3]

The equitable factors in Pioneer for determination of the
excusability of neglect overlap the Rule 60(b) threshold
requirements of timeliness and lack of unfair prejudice. To these
requirements, Pioneer adds consideration of the reason for
nonparticipation, including the movant's control of the inaction,
as well as the movant's good faith. Neglect itself must also be
shown, which can include circumstances beyond the movant's control

───────────────

[3]In another unpublished decision, Point PCS, LLC v. Sea Haven
Realty & Constr., 95 F. App'x. 24, 27 (4th Cir. 2004), the Fourth
Circuit held that the district court correctly applied Augusta to
a Rule 60(b) motion for relief from default judgment and Pioneer to
a motion for relief from dismissal of complaint. When a case
involves attorney neglect, Augusta provides more specific guidance
than Pioneer. However, when attorney neglect is not involved,
Augusta only provides the general instruction that "[w]hen the
party is at fault, the [interests of finality] dominate and the
party must adequately defend its conduct in order to show excusable
neglect." 843 F.2d at 811. As such, Pioneer defines what the
party at fault must show by means of its adequate defense.

as well as ordinary inadvertence or carelessness, but cannot include the movant's deliberate or willful conduct. That relief from deliberate conduct cannot be granted under Rule 60(b)(1) has been repeatedly recognized. See, e.g., Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992) (noting "a party must demonstrate . . . that he was not at fault"); Universal Film Exchs., Inc. v. Lust, 479 F.2d 573, 576 (4th Cir. 1973) (holding that attorney's deliberate decision not to answer was "'grossly negligent' and cannot be deemed excusable neglect"); see also Ungar v. Palestine Liberation Org., 599 F.3d 79, 85 (1st Cir. 2010) ("[W]illfulness (that is, the making of a deliberate strategic choice) is not a ground for relief under Rule 60(b)(1) and, in fact, is directly antagonistic to a claim premised on any of the grounds specified in that subsection."); In re OCA, Inc., 551 F.3d 359, 370 (5th Cir. 2008) (noting the court had previously "held that willful default . . . 'would certainly not constitute excusable neglect'").

As summarized earlier, Levin acknowledges that its officers were aware of the adversary proceeding, and conducted an investigation into its merits. While Levin's CFO believed the suit to be frivolous, he filed it away without response, in the stated belief that either the Debtor would realize the lack of merit or that the judicial system would "weed out" the suit. Levin admits that this conduct in failing to respond was neglectful, but argues the neglect should be excused. Levin would find basis for such

- 12 -

excuse by deeming reasonable its belief the complaint would be "weeded out" in light of its careful investigation which revealed frivolousness.

Before considering whether the conduct Levin admits was negligent is excusable, the court must first answer the question of whether that conduct went beyond mere negligence and was in fact willful. Levin's attempts to distinguish this proceeding from those in which the defendant ignored the suit or made a conscious tactical decision not to respond are unconvincing. For all of the attention Levin gives to describing the carefulness of its internal investigation, the fact remains that the investigation was <u>internal</u>. At no point, prior to the motion for relief from the judgment, did Levin share its findings with this court, the Debtor, or any other party. Rather, it made a considered decision to not participate in the proceeding. Levin would move its willful decision into the realm of neglect by arguing the decision was based on a mistaken belief that the complaint would go nowhere even without its participation. While the court is willing to accept that Levin's officers initially believed there was a possibility the suit would go nowhere on its own—which is always a possibility in any lawsuit—such belief merely enters the analysis of the business decision of whether to participate. In order to strip the decision of its willfulness, Levin's officers needed to believe participation was legally unnecessary and that a judgment could not be entered. Such a belief, in stark contrast to the plain warnings

- 13 -

within the papers served on Levin, is incredible, and this court is unwilling based on the evidence presented to conclude that officers of a substantial business enterprise held such an erroneous understanding of legal procedure.

Levin's inability to show negligent conduct alone renders it unable to demonstrate excusable neglect. However, even if the conduct is presumed negligent, after balancing the Pioneer factors, the court cannot excuse the negligence. The first factor, prejudice to the non-movant, was discussed earlier in the context of the Rule 60(b) threshold requirements. While relief from the judgment does affect some prejudice on the Debtor, it is financial prejudice that can be overcome by an award of fees. The second factor, length of delay, was also discussed earlier. As Levin's theory of negligence is based on a mistaken belief a judgment would not be entered, and such a judgment was in fact entered and served upon Levin, Levin was made aware of its mistake on October 27, 2009. Nevertheless, Levin delayed for another seven months prior to bringing this motion. This second factor weighs against Levin.

The third factor is the reason for the default, including whether it was in the reasonable control of the defendant. Levin explains its default as the result of its officer's mistaken belief that the legal system would "weed out" the proceeding as factually frivolous. Such a belief disregards the plain warning included in the summons that "[i]f you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by

- 14 -

the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint." Furthermore, the need to respond to a lawsuit to avoid adverse judgment is a basic legal concept, one with which a businessperson in the role of chief financial officer should have familiarity. Accordingly, the reason offered for the default is itself inadequate to justify excusing the default. Additionally, Levin had control of the default, as Levin's officers made the decision to default, not outside counsel or a third-party. If Levin employed officers with inadequate understanding of basic legal procedures, that too was in the company's control. Other courts have held ignorance of the law to be an inadequate basis for Rule 60(b)(1) relief. See, e.g., Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 357 (5th Cir. 1993). So too is Levin's alleged misapprehension of the legal necessity of responding to the complaint. This third factor weighs against Levin.

The fourth factor under Pioneer is the good faith of the movant. The court will presume good faith absent a reason to do otherwise. Here, no argument has been made that Levin is attempting to game the procedures or otherwise act in bad faith. Accordingly, this factor weighs for Levin.

Balancing the four factors in Pioneer, this court would conclude that Levin has failed to demonstrate cause to excuse its neglect. These factors are not exclusive, but are merely examples of the equitable inquiries required to decide whether neglect is

- 15 -

excusable.   Even after considering broader equities below, the court still concludes that Levin has not demonstrated excusability.

Levin argues that equity demands relief from a judgment based on a frivolous complaint.  The frivolousness is described by Levin as: "no _factual_ basis for the lawsuit filed by DeCoro". Defendant's Brief p. 9 (emphasis added).  Such allegations do not make the entry of default judgment erroneous at the time of its entry.  The existence of a factual basis comes down to whether for each of the five sales to Levin, product had been delivered and whether the sale price had been paid.  Debtor's complaint sufficiently plead facts that, if proven true, would entitle Debtor to recover the sum demanded.  The alleged defect in the complaint is in the ability to prove those facts, a latent defect that would have come to light only if Levin had elected to participate timely in the adversarial process.  It elected not to do so, and the complaint was facially proper and adequately supported entry of a default judgment. Furthermore, Levin's allegations of factual frivolousness do not now provide grounds to set aside the correctly entered default judgment.  Whether there is actually a factual basis for a claim can be determined only through a trial, a process not contemplated or permissible in the context of a motion to set aside a default judgment.  Instead, in this context Levin's argument of factual frivolousness amounts to a strong showing of a meritorious defense. However, a showing of a meritorious defense is not alone a basis for setting aside a judgment.  See Park, 812 F.2d at 897.

- 16 -

Levin points to two appellate decisions as support for the proposition that frivolousness in a complaint provides basis for post-judgment relief. Both can be distinguished from the case here. In the first, Compton v. Alton S.S. Co., Inc., 608 F.2d 96 (4th Cir. 1979), following the failure of a steamship company to respond to a seaman's complaint for unpaid wages, a default judgment was entered awarding the wages due under a union contract, as well as penalty wages under a federal statute. On appeal, the Fourth Circuit held that the statute relied on by the district court had no applicability on the facts of the case, and that "[a]s a result of this plain mistake of law . . . the defendant has been saddled with an unconscionable judgment." Id. at 101. In light of the mistake of law, the court concluded that relief from the judgment is properly granted under Rule 60(b)(4) as a void judgment or under Rule 60(b)(6) due to the "unusual and extraordinary circumstances of this case and in view of the unconscionably unjust judgment entered." Id. at 104-06. Due to the applicability of clauses (4) and (6), the court does not decide whether the mistake on the part of the trial judge would qualify the defendant for relief due to mistake under clause (1) of Rule 60(b). Id. at 104. Here, the alleged defect in the complaint is entirely factual. Unlike in Compton, where careful legal analysis of the complaint would have led the defendant to believe its maximum exposure was a judgment for contract wages far smaller than the default judgment eventually entered, the default judgment in this proceeding

- 17 -

reflects exactly the damages Levin could expect based on a proper reading of the complaint.

The second, <u>Wagstaff-EL v. Carlton Press Co.</u>, 913 F.2d 56 (2d Cir. 1990), can be distinguished both factually and on applicable legal rule. There, a default judgment was entered following a publisher's failure to respond to a complaint alleging implied contract, conversion of a manuscript, and copyright infringement. <u>Id.</u> at 57-58. Carlton operated as a vanity press, and had proposed an arrangement with Wagstaff-EL where Carlton would be paid for publication costs, and Wagstaff-EL would receive a quantity of books as well as possible royalties. <u>Id.</u> at 56. Wagstaff-EL did not sign the contract, and Carlton mailed the manuscript to his last known address. <u>Id.</u> at 56-57. On being served with the complaint, Carlton sent a letter to the presiding judge noting that it did not have the manuscript, but did not formally participate until seeking Rule 60(b) relief after Wagstaff-EL executed on the judgment. <u>Id.</u> at 57. The district court vacated the default judgment and the Second Circuit affirmed. <u>Id.</u> at 58. In affirming, the court observed that Wagstaff-EL's "claims were either facially invalid or utterly unsupported" and "the calculation of damages was preposterous." <u>Id.</u> at 57. The implied contract claim, where the contract contemplated Carlton being paid, not making payment, was facially invalid, while the other claims lacked factual support. <u>See</u> <u>id.</u> at 57-58. The damages calculation also reversed the direction of the contract payment, calculated unit damages on

- 18 -

retail price instead of royalty, and included an arbitrary $17,000 in punitive damages.  Id. at 58.

When evaluating a Rule 60(b)(1) motion for relief from a default judgment, the Second Circuit applies three criteria: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted" Id. at 57.  In Wagstaff-EL, the court held that the invalid or unsupported claim and preposterous damage amounted to a compelling reason to excuse Carlton's willful default.  Id.

Here, the situation the defendant finds itself in is nowhere near as extreme as in Wagstaff-EL.  Calculation of damages was based on a straightforward computation of amounts that would be due in a series of real transactions between the parties.  As discussed earlier, the claims were valid on their face.  This leaves only matter of factual support to compare against Wagstaff-EL.  It cannot be said that Debtor's claims were "utterly unsupported." Quite to the contrary, they were adequately supported by invoices filed with the complaint.  Levin chose to keep to itself any weakness in the facts supporting the claims until seeking relief from the judgment.  Even now, with Levin's affidavits, the claims are at most vigorously disputed, not utterly unsupported.  Trial courts where Wagstaff-EL is controlling have required more than a strong defense to grant relief.  See, e.g., Heymann v. Brechner, No. 95 Civ 1329, 1996 WL 580915, at *4-*5 (S.D.N.Y. Oct. 9, 1996)

- 19 -

(declining to excuse a willful default, noting that "while [defendant] has set forth facially valid defenses to [plaintiff's] claims, he has not shown those claims are facially frivolous"). Furthermore, <u>Wagstaff-EL</u> applies a three-part standard not used in the Fourth Circuit. <u>Compare Park Corp. v. Lexington Ins. Co.</u>, 812 F.2d 894, 896 (4th Cir. 1987) <u>with Wagstaff-EL</u>, 913 F.2d at 57; <u>see generally</u> 10 <u>Moore's Federal Practice</u> § 55.82[1] (3d ed. 2009) (citing cases in eight circuits other than the Fourth Circuit that employ tests similar to that in <u>Wagstaff-EL</u>).[4]  Therefore, while <u>Wagstaff-EL</u> illustrates grounds for excusing a willful default, willfulness of default is not explicitly a factor in this circuit. Here, movant must establish "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), or otherwise show an "unusual and extraordinary circumstance" under Rule 60(b)(6). <u>See</u> <u>Compton v. Alton S.S. Co., Inc.</u>, 608 F.2d 96, 106 (4th Cir. 1979).

---

[4]Circuits using the three-factor test for setting aside default judgments are extending a similar test for "good cause" to set aside entry of default under Rule 55(c).  <u>See</u> <u>Moore's</u> § 55.82[1].  The Fourth Circuit's test under Rule 55(c) is also not the three-factor test:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

<u>Colleton Preparatory Acad. Inc. v. Hoover Universal, Inc.</u>, No. 09-1480, 2010 WL 3042441, at *3 (4th Cir. Aug. 5, 2010) (quoting <u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 203 (4th Cir. 2006)).

Both <u>Compton</u> and <u>Wagstaff-EL</u> stand for the general proposition that a party will receive relief from a default judgment when, due to the acts of others, a default judgment is entered contrary to rational legal expectations. Defendants routinely choose not to defend a suit when it would not be cost effective to do so. In doing so, such defendants rely on the amount of damages plead under complaint, and expect that the judgment will have a valid basis in law. In both <u>Compton</u> and <u>Wagstaff-EL</u>, the trial courts erred by entering judgments that defied rational legal expectations, which could be rightly seen as unjust. Here, any expectation by Levin for a result other than the default judgment entered is unreasonable, if not irrational. Levin has failed to demonstrate reason why its conduct in failing to response to the complaint should be treated as excusable neglect, and therefore has failed to establish a necessary element for relief under Rule 60(b)(1).

CONCLUSION

For the foregoing reasons, an order will be entered denying the motion to set aside the default judgment which was entered against Levin on October 7, 2009.

This 2nd day of September, 2010.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

- 21 -

PARTIES IN INTEREST


David F. Meschan, Esq.
P.O. Box 2888
Greensboro, NC 27402

Christine L. Myatt, Esq.
P.O. Box 3463
Greensboro, NC 27408


Douglas G. Leney
One Centennial Square
Haddonfield, NJ 08033